PETER R. WEILER, RESPONDENT, *v.* GERTRUDE J. NEWBACH, APPELLANT.

*An action to compel a determination as to the title to real estate cannot be maintained against an infant — Code of Civil Procedure, secs.* 1638, 1686.

This action was brought against the defendant, an infant, to compel the determination of a claim to real property.

*Held,* that a demurrer, interposed by the defendant, should be sustained as the bringing of such an action against an infant was prohibited by section 1638 of the Code of Civil Procedure, and that such prohibition was not removed by the statement contained in section 1686 of the said Code that "any action specified in this title may be maintained by or against an infant in his own name."

Appeal from an interlocutory judgment overruling a demurrer interposed by the defendant herein.

*Lawrence & Waehner*, for the appellant.

*John D. Townsend*, for the respondent.

Van Brunt, P. J. :

The defendant in this action is an infant; the suit is brought to compel the determination of a claim to real property, and it is claimed, on the part of the defendant, that the bringing of such an action against an infant is prohibited by section 1638 of the Code, which reads as follows :

"Section 1638. Where a person has been or he and those whose estate he has, have been for three years in the actual possession of real property, claiming it in fee or for life or for a term of years not less than ten, *he may maintain an action against any other person except a person who is when the action is commenced an infant*, an idiot, a lunatic, an habitual drunkard, or imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, to compel the determination of any claim adverse to that of the plaintiff which the defendant makes to any estate in that property in fee or for life, or for a term of years not less than ten, in possession, reversion or remainder. But this section does not apply to a claim for dower."

This section is an attempted codification, with interpolations, of the provisions of the Revised Statutes upon this subject, and contains a clear and emphatic provision that actions of this nature shall not be commenced against an infant. This was the effect of the provisions of the Revised Statutes, upon the same subject, but the codifier, in attempting to improve upon these plain regulations, has introduced a section of the Code which appears to be in direct conflict with the provision referred to, so far as infants are concerned. Section 1686 which occurs in the same title of the Code as section 1638, reads as follows : " Any action specified in this title may be maintained by or against an infant in his own name ; and article fourth of title second of chapter fifth of this act applies to such an action, except as otherwise prescribed in sections 1535 and 1536 of this act."

The language of this section thus apparently permits that which

in section 1638 is expressly prohibited. There being this conflicting legislation upon the same subject in the same statute, it is necessary to ascertain, if possible, what the legislative intention was. It is well settled that in the interpretation of statutes, the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which have to be regarded in its interpretation; and if these find fair expression in the statute it should be so construed as to carry out the legislative intent, even though such construction is contrary to the literal meaning of some provisions of the statute. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the law-makers. (*People ex rel. Wood* v. *Lacombe*, 99 N. Y., 49, and cases there cited.) The object of all rules of construction being to ascertain the meaning of the language used, and it being unreasonable to impute to the legislature inconsistent intents upon the same general subject-matter, what it has clearly said in one part, must be the best evidence of what it has intended to say in another. (Dwarris, 197.)

It is urged, upon the part of the respondent, that section 1686, indicates a plain intent to change the provisions of the Revised Statutes. The Revised Statutes prohibited the institution of these proceedings against a person not of full age, or insane or imprisoned on any criminal charge or conviction. By the enactment, section 1638, the legislature exhibited an intention not only not to restrict the prohibition contained in the Revised Statutes, but actually enlarged it in including within the prohibition idiots and habitual drunkards, thus indicating an intention to allow this class of actions to be commenced only in those cases in which a party proceeded against was in a condition to defend himself. Having thus shown an intention to protect the helpless, did the legislature intend by section 1686 to remove that protection from an infant which it was so careful to provide for in section 1638, and leave an infant subject to assaults upon his property, while such protection still continued as to the drunkard

and criminal? It seeems to us that the mere statement of the proposition shows that such could not have been the legislative intent, although the language would seem to so imply. No reason can be assigned for protecting the drunkard and criminal, who place themselves under disabilities because of their own acts, and leaving the infant, helpless because of no fault of his own, without any shield whatever. It is evident that in preparing section 1686 the codifier forgot the prohibitions inserted in section 1638, which prohibitions did not inadvertently creep in by reason of their previous existence in the Revised Statutes, because, as we have seen, the provisions of the Revised Statutes are expressly enlarged in the Code and used the general language, " Any action specified in this title," etc. There being a large number of actions to which section 1686 applies, other than those mentioned in section 1638, it is evident that there was no intention to remove any person from the protection thrown around him by the Revised Statutes, but rather to extend the prohibition to other classes of persons incapable of taking care of their own interests. Certainly this conclusion is more in harmony with the rules of construction, than to hold that in one part of the same statute the legislature deliberately enact one thing, and then in a subsequent part of the same statute revoke the previous enactment without any apparent reason for so doing.

We are of the opinion, therefore, that the judgment appealed from should be reversed and that the defendant should have judgment upon his demurrer, with costs of this appeal and costs of the demurrer in the court below.

Bartlett and Macomber, JJ., concurred.

Judgment reversed and judgment ordered on demurrer, with costs.